No. 13,334.

WESTFALL *v.* KERN.
(43 P. [2d] 392)

Decided March 25, 1935.

Mr. THOMAS J. WARREN, Mr. ERNEST LEE WILLIAMS, for plaintiff in error.

Mr. HARRY N. HAYNES, Mr. FRED W. STOVER, for defendant in error.

*In Department.*

. MR. CHIEF JUSTICE BUTLER delivered the opinion of the court.

In an action for damages for personal injuries, Carol A. Kern obtained judgment against Alfred R. Westfall, who brings the case here for review. The parties will be referred to as they appeared in the trial court.

The plaintiff was riding as a passenger for hire in an automobile owned and driven by the defendant. There were five persons in the automobile. They were returning to Fort Collins from Tulsa, Oklahoma. The automobile turned over and the plaintiff was injured. The plaintiff claimed and the defendant denied that the accident was caused by negligence on the part of the defendant. The jury found for the plaintiff, and judgment was rendered on the verdict. There is no suggestion that the plaintiff was negligent.

1. Counsel for the defendant contend that there was no proof of negligence on the part of the defendant.

The defendant was at the steering wheel. The plaintiff sat at his right in the front seat. Josephine Bartholomew sat in the rear seat immediately behind the defendant. At her right sat Justus Wilkinson, and at his right Dorothy McIntyre. All testified at the trial. The accident occurred about midafternoon some ten miles west of Kingman, Kansas. The road there ran east and west. It was a good graveled road, fairly straight and level. On the right side was a soft earth shoulder descending into a small ditch. There was evidence tending to show the following facts: The defendant was tired, and his eyes were bothering him. The automobile was being driven at the rate of about 40 miles per hour. A rock flew up and hit some metallic part of the automobile, causing a sharp sound, whereupon the defendant turned his face to the right to such an extent that the plaintiff, seated at his right, saw part of the left side of his face. Speaking to those in the rear, the defendant inquired, "What was that?" What happened then was thus described by the plaintiff on the witness stand: "* * * and then he started to turn around back toward the front of the car, and when his eyes came into focus on the road,

they just sort of popped out and his mouth dropped open, and he sort of jumped back in his seat and just suddenly slammed the brakes on, and took his hands off the wheel and he sat there for a second just as if he were frozen—just stiff, and of course then the first thing I felt was the back end of the car take a big slide to the west, and every-thing kind of upset, and I don't know exactly what happened then.'' She testified that his hands were fully six or seven inches away from the wheel. The sharp, clicking sound was followed immediately by another sound that the witnesses thought was a blow-out, which it undoubtedly was. The front wheels struck the soft dirt constituting the shoulder on the right side of the road, the rear of the automobile swung around to the left, the automobile turned over two times and then landed on its right side, part of it being in the ditch, the front of the automobile pointing somewhat north of east. A nail was found penetrating the left rear tire, and the tire was flat. The left rear wheel was broken.

█ The defendant's theory is that the blow-out was the cause of the accident, and that in the circumstances the defendant conducted himself with ordinary care and prudence, and therefore should not be held liable for the unfortunate results of the accident. That theory has been ably argued here and doubtless was ably argued at the trial. The jury, however, found that the defendant was negligent and that his negligence was the proximate cause of the accident, and the trial court approved the finding. It denied a motion for judgment non obstante veredicto and a motion for a new trial. We cannot say that there was not sufficient evidence to support the finding.

█ 2. Over objection by defendant's counsel, a physician was permitted to give the following testimony: Being asked to state his opinion regarding the effect of her injuries upon her ability to become a mother, he answered: ''As I stated before, it is my opinion that Carol A. Kern will never entirely recover from the effects of

this accident and it will be necessary for her to have one or possibly several operations. It is also my opinion that Miss Kern will never be able to give birth to a child by a process of normal delivery. In case she becomes married and pregnant, she should have a Caesarian incision." It is said that such testimony was not proper under the pleadings. We do not agree with counsel. The complaint alleged, among other things, that the "plaintiff suffered severe bodily injuries, both external and internal; her pelvic bone was fractured and otherwise injured; her bladder was ruptured; she was severely bruised on and about the pelvis; one of her vertebrae was dislocated; * * * she has been compelled to undergo surgical operations and to require much medical, nursing and hospital service, care and attention; her health, usefulness and happiness for life has been injuriously affected." And after alleging expenses incurred for medical and surgical services and hospitalization in the sum of $2,500, the plaintiff alleged: "Because of said great bodily and mental anguish, pain, suffering, nerve shock, inability to continue her college course, impairment of health, vigor and opportunity for usefulness and happiness, she has suffered further damages in the sum of $7,500.00."

In our opinion, the allegations of the complaint were sufficient to admit such testimony.

There are other assignments of error, but they are clearly without merit and need not be discussed in this opinion.

The judgment is affirmed.

Mr. Justice Burke and Mr. Justice Young concur.